FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 JAN 19 AM 10:03

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| JOYCEALYN L. CHANDLER, | }<br>}<br>} |
| Plaintiff | } |
| | } CIVIL ACTION NO. |
| vs. | } |
| | } 97-AR-1939-S |
| SAMFORD UNIVERSITY, | } |
| | } |
| Defendant | } |

ENTERED

JAN 19 1999

## MEMORANDUM OPINION

Presently before the court is a motion for summary judgment filed by defendant, Samford University ("Samford"). For the reasons set forth herein, the motion is due to be granted.

## I. Background

Plaintiff, Joycealyn L. Chandler ("Chandler"), is an African-American woman under forty years of age. She holds an associate's degree in business administration from Lawson State University, a bachelor of general studies in administrative and community services (a non-traditional business degree) from Samford University, and attended the Birmingham School of Law from 1992 through 1993 and again from January, 1997 through May, 1998.

From August 1996 through February 11, 1997, Chandler held various temporary employment positions at Samford University. During that time, Chandler applied for but did not obtain permanent employment with

Samford. On February 12, 1997, Chandler filed a charge with the Equal Employment Opportunity Commission ("EEOC"), claiming that Samford had discriminated against her because of her race. She received a right to sue letter from the EEOC on April 30, 1997 and instituted the instant suit on July 28, 1997.

During a deposition taken in this action, Chandler revealed that she had filed a Chapter 13 bankruptcy on August 30, 1996. The Chapter 13 bankruptcy was converted to Chapter 7 on March 25, 1997, over a month after Chandler filed her EEOC charge. Chandler never informed the bankruptcy court of the pending EEOC matter or of her potential claim against Samford. Chandler's bankruptcy matter was termed a "no asset case" by the trustee of the bankruptcy estate and by the bankruptcy court itself. Chandler received a discharge on July 24, 1997 and on August 21, 1997, the case was closed. Upon learning that Chandler had not disclosed her EEOC charge or her potential claim against Samford, plaintiff's counsel attempted to amend the 1996-97 bankruptcy proceeding to reflect this information, but the trustee expressed no interest in re-opening the matter.

On April 29, 1998, Chandler filed another Chapter 13 bankruptcy petition.[1] Although the instant action had been pending for approximately nine months as of the date of her second filing, Chandler again failed to inform the bankruptcy court of her claims against

---

[1] During her deposition, Chandler discussed the 1996-97 bankruptcy but did not discuss the bankruptcy filed on April 29, 1998. Because Chandler's 1998 bankruptcy schedule has been amended to include the claim against Samford, this opinion focuses only on the consequences of Chandler's failure to include the claim as an asset in the 1996-97 bankruptcy proceeding.

Samford. Chandler provided this information to the bankruptcy court on October 27, 1998, only after plaintiff's counsel became aware of her pending bankruptcy. Neither party has presented information to indicate that the 1998 bankruptcy matter has terminated.

Upon learning of Chandler's bankruptcies, Samford filed a motion for summary judgment, arguing that the doctrine of judicial estoppel prevents Chandler from asserting claims that she failed to disclose as assets in her bankruptcy proceedings.

## II. Discussion

Judicial estoppel is intended to protect the integrity of the judicial system. *Brassfield v. Jack McLendon Furniture, Inc.*, 953 F. Supp. 1424, 1432-33 (M.D. Ala. 1996); *see Ryan Operations, G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 360 (3rd Cir. 1996). This doctrine, distinct from the concept of equitable estoppel,[2] precludes a party from assuming a position in a legal proceeding inconsistent with one previously asserted when inconsistency would allow the party to "play fast and loose with the courts." *Ryan*, 81 F.3d at 361-62; *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 419 (3rd Cir. 1988), cert. denied, 488 U.S. 967, 109 S.Ct. 495; *see McKinnon v. Blue Cross & Blue Shield of Alabama*, 935 F.2d 1187, 1192 (11th Cir. 1991). The applicability of the doctrine of judicial

---

[2] Equitable estoppel focuses on the relationship between the parties to the prior litigation and requires a demonstration that a party claiming equitable estoppel relied to its detriment on a position maintained by its adversary in an earlier proceeding. *See Ryan*, 81 F.3d at 360.

estoppel therefore requires a determination that (1) the positions asserted are in fact inconsistent, and (2) the inconsistency would allow a party to benefit from deliberate manipulation of the courts. *Ryan*, 81 F.3d at 361; *see In re Tippins*, 221 B.R. 11, 26-27 (Bankr. N.D. Ala. 1998).

Courts of various jurisdictions have held that a debtor's assertion of legal claims not disclosed in earlier bankruptcy proceedings constitutes an assumption of inconsistent positions. *Tippins*, 221 B.R. at 26-27; *Bertrand v. Handley*, 646 So.2d 16, 19 (Ala. 1994); *Luna v. Dominion Bank of Middle Tennessee, Inc.*, 631 So.2d 917, 918 (Ala. 1993); *Underwood v. First Franklin Financial Corp.*, 710 So.2d 424, 426 (Ala. Civ. App. 1997), *reh'g denied*, *cert. denied* (1998); *see Payless Wholesale Distrib. Inc. v. Alberto Culver*, 989 F.2d 570, 571 (1st Cir. 1993), *cert. denied*, 510 U.S. 931, 114 S.Ct. 344 (1993); *Oneida*, 848 F.2d at 419; *Brassfield*, 953 F. Supp. at 1432-33. This holding stems from the requirement that a debtor seeking the shelter provided by federal bankruptcy laws disclose all legal or equitable property interests to a bankruptcy court. *See* 11 U.S.C. §§ 521(a), 541; *Ryan*, 81 F.3d at 362; *Oneida*, 848 F.2d at 416. Because the bankruptcy court relies on the information disclosed by a debtor, the importance of full disclosure cannot be overemphasized. *Luna*, 631 So.2d at 918 (quoting *Oneida*, 848 F.2d at 417).

With regard to the second prong of the judicial estoppel analysis, many courts have found that the combination of a party's knowledge of the claim and motive for concealment in the face of an

4

affirmative duty to disclose the claim provides sufficient evidence of intent to manipulate the judicial system. *See, e.g., Ryan*, 81 F.3d at 363 (describing rational in *Oneida*); *Tippins*, 221 B.R. at 27. Where there is no such knowledge, or where there is no affirmative duty to disclose, courts have not applied the doctrine of judicial estoppel to bar a party from asserting claims not disclosed during the course of bankruptcy proceedings. *See, e.g., Ryan*, 81 F.3d at 363; *Brassfield*, 935 F. Supp. at 1433. For example, in *Brassfield v. Jack McLendon Furniture, Inc.*, the United States District Court for the Middle District of Alabama declined to find the plaintiff judicially estopped from asserting Title VII and state law claims because it "[could not] say that the plaintiff knew/should have known that her causes of action had accrued such that her failure to schedule these claims was a deception of the bankruptcy court and the judicial system." 935 F. Supp. at 1433. The *Brassfield* Court also concluded that the plaintiff had no affirmative duty to disclose her claims because the claims accrued only *after* the commencement of her Chapter 7 bankruptcy proceeding.[3] *Id.*

Though the matter appears to be one of first impression for this court and for the Eleventh Circuit, this court joins the multitude of

---

[3] Debtors filing bankruptcy under Chapter 11 or 13 must disclose all legal or equitable interest in property as of the commencement of the case as well as any interest in property the bankruptcy estate acquires after the commencement of the estate. In contrast, a Chapter 7 debtor retains possession of property acquired after the commencement of the bankruptcy case and thus has no duty to disclose after-acquired property. *Brassfield*, 953 F.Supp. at 1432.

courts recognizing the doctrine of judicial estoppel as a bar to a debtor's assertion of a claim not identified as an asset in an earlier bankruptcy proceeding. In so doing, this court accepts the two-pronged analysis requiring a demonstration that the assertion of the claim is inconsistent with the earlier non-disclosure and that the assertion of inconsistent positions is an attempt to deliberately manipulate the judicial system.

Applying this holding to the facts at hand, it is apparent that the first prong of the judicial estoppel analysis is satisfied. The bankruptcy court relied on Chandler's representation that she had no assets. See Exhib. B to Def.'s Mot. (bankruptcy court issues "order closing estate and discharging trustee in **no asset case;**" final report of trustee in **no asset case**") (emphasis supplied). Chandler's later assertion of claims against Samford is inconsistent with her earlier representation that she had no assets. See *Tippins*, 221 B.R. 26-27; *Bertrand*, 646 So.2d at 19.

The undisputed facts are also sufficient to satisfy the second prong of the judicial estoppel analysis. First, Chandler had knowledge of her claims against Samford during the pendency of her Chapter 13 proceeding and prior to the commencement of her Chapter 7 proceeding. Chandler filed her Chapter 13 bankruptcy petition on August 30, 1996. Because she had only recently commenced her employment with Samford, it is possible that she was unaware, at that time, of claims she might have against Samford. Though it is unknown whether Chandler contemplated filing an EEOC charge at any time before her association

6

with Samford ceased on February 11, 1997, it is obvious that Chandler was aware of her potential claims against Samford when she filed an EEOC charge the very next day. Chandler is therefore unlike the plaintiff in *Brassfield* and one of the plaintiffs in *Tippins,* who were unaware of their claims during the relevant time period. See *Brassfield*, 935 F. Supp. at 1433; *Tippins,* 221 B.R. at 27.

Second, Chandler had an affirmative duty to disclose her claim against Samford. At the time Chandler filed her EEOC charge, her bankruptcy case was proceeding as a Chapter 13 petition. A Chapter 13 debtor has a duty to disclose all interests in property the estate acquires after the commencement of the estate. See 11 U.S.C. § 541(a)(7). Despite this affirmative duty, Chandler chose not to amend her schedule to reflect her assets. Even if Chandler's conversion of her Chapter 13 proceeding to a Chapter 7 proceeding is considered, that conversion did not occur until March 25, 1997 - over one month *after* Chandler filed her EEOC charge. Because Chandler's interest in her potential claim arose prior to the commencement of the Chapter 7 proceeding, an affirmative duty to disclose her potential claims as assets exists even when Chapter 7 requirements are applied. See *Brassfield*, 935 F. Supp. at 1432-33.

Third, Chandler had an obvious motive for concealing her claims against Samford. The non-disclosure prompted the bankruptcy court to proceed as if Chandler's case was a "no asset case" and may have contributed to the choice made by the parties in interest not to raise objections to the proposed administration of Chandler's bankruptcy

7

estate.

Chandler attempts to rebut the evidence indicating that her non-disclosure was a deliberate attempt to play fast and loose with the courts by claiming that she would have disclosed her claims against Samford as assets if only her attorneys would have informed her that such disclosure was necessary. Even if this "explanation" is true, it is irrelevant. Research reveals no case in which a court accepted such an excuse for a party's failure to comply with the requirement of full disclosure. Moreover, because Chandler did not disclose her pending EEOC charge despite the schedule's specific instruction that she identify any pending administrative proceedings, it is difficult to credit her claim of ignorance. The fact that she is a well educated individual who has not only taken a course in bankruptcy law, but also testified that bankruptcy law was one of her favorite classes, further discredits her attempted excuse. Despite this court's doubts, its conclusion does not depend upon any assessment of Chandler's credibility. The court's conclusion is based on uncontroverted facts.

### III. Conclusion

Having joined courts of other jurisdictions in recognizing judicial estoppel as a bar to a debtor's assertion of claims not disclosed in an earlier bankruptcy proceeding when the later assertion is both inconsistent with the debtor's representations to the bankruptcy court and a deliberate manipulation of the judicial system, this court finds that Chandler has presented no genuine issue of

material fact to preclude the entry of summary judgment in Samford's favor. An appropriate order granting Samford's motion for summary judgment will be separately entered.

DONE this **19** day of January, 1999.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE